UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

THE TRUSTEES OF THE JOINT APPRENTICESHIP
TRAINING COMMITTEE OF THE LIGHTING AND
ELECTRICAL MAINTENANCE ASSOCIATION,

                              Plaintiffs,

      - against -

LITESPEED ELECTRIC, INC.,

                              Defendant.

----------------------------------------------------------------x

**COMPLAINT**

16-CV-

Plaintiffs, the Trustees of the Joint Apprenticeship Training Committee of the Lighting and Electrical Maintenance Association, by their attorneys, Cary Kane LLP, respectfully allege as follows:

## NATURE OF THE ACTION

1. This action is brought under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145, to recover contributions owed by the defendant in accordance with collective bargaining agreements and applicable law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this action pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145.

3. Venue properly lies in this judicial district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Joint Apprenticeship Training Committee of the Lighting and Electrical Maintenance Association (the "JATC") is administered in this district.

## THE PARTIES

4. At all times material hereto, the JATC has been an "employee welfare benefit plan" and "multiemployer plan" as those terms are defined by Sections 3(1) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and 1002(37). The JATC is administered at 158-11 Harry Van Ardsdale, Jr. Avenue, Flushing, New York 11365.

5. At all times material hereto, the plaintiffs have been the "plan sponsors" of the JATC, as defined by Section 3(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B). The Trustees are "fiduciaries" of the JATC, as defined by Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. At all times material hereto, Litespeed Electric, Inc. ("Litespeed") was an "employer" as defined by Section 3(5) of ERISA, 29 U.S.C. §1002(5), with offices located at 135 West 29th Street, Suite 301, New York, New York 10001. As Litespeed is a business, not an individual, it is not an infant, incompetent or in military service.

7. At all times material hereto, Litespeed was bound to collective bargaining agreements ("the Agreements") negotiated with Local 3, International Brotherhood of Electrical Workers ("the Union") which provided the terms and conditions of employment for employees of Litespeed covered by the Agreements.

4838-4248-5548, v. 1

## RELEVANT FACTS

8. The Agreements required, and require Litespeed to make weekly contributions to the JATC on behalf of certain of Litespeed's employees covered by the Agreements and to provide the JATC with reports indicating the employees for whom the contributions have been made.

9. Litespeed has failed to remit the required contributions and reports owed to the JATC.

10. The JATC's counsel has written to Litespeed several times demanding payment of the contributions due to the JATC.

11. Counsel was assured by Michael Changani, Chief Financial Officer of Litespeed, that the delinquent payments would be made.

12. Despite Mr. Changani's assurances, Litespeed has not remitted any contributions to the JATC, nor has it provided the required reports.

13. As of this date, Litespeed owes an estimated $10,000 in contributions to the JATC for the period July 2010 through the present.

14. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), Litespeed must also pay the JATC interest on the contributions owed, liquidated damages equal to the greater of the total amount of interest due or 20% of the contributions due, and the legal fees and costs incurred in recovering the contributions due from Litespeed.

4838-4248-5548, v. 1

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor and against Litespeed and, more particularly, that this Court order the following relief, as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and by the terms of the Agreements:

(a) That Litespeed submit all required reports to the JATC, pay to the JATC contributions owed for the period July 2010 through the present, and for any subsequent months for which Litespeed fails to make payments during the tenure of this action;

(b) That Litespeed pay to the JATC interest on all delinquent contributions from the dates on which the contributions were due through the date(s) of payment;

(c) That Litespeed pay to the JATC liquidated damages equal to the greater of (i) the amount of interest assessed on the unpaid contributions or (ii) twenty percent (20%) of the total amount of the unpaid contributions;

(d) That Litespeed pay the legal costs and attorneys' fees incurred by the Plaintiffs in this action; and

(e) For such other and further relief as the Court may deem just and proper.

DATED: July 6, 2016
New York, New York

CARY KANE LLP

By: *[signature: Charles Pergue]*
Charles Pergue
and Susan Bruno
1350 Broadway, Suite 1400
New York, New York 10018
T: 212-868-6300
F: 212-868-6302
cpergue@carykane.com
*Attorneys for Plaintiffs*

4838-4248-5548, v. 1